UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL TAYLOR,

               Plaintiff,                         **ORDER**
                                                              21-CV-4894 (KAM)
   -against-

UNITED STATES OF AMERICA,

               Defendant.
----------------------------------------------------------X
**MATSUMOTO**, United States District Judge:

        Plaintiff Michael Taylor filed the instant *pro se* submission on August 20, 2021, alleging limited use of the law library at South Woods State Prison, located in New Jersey, where he is currently incarcerated. (ECF No. 1.) Although this submission was filed under his prior criminal action, *United States v. Taylor*, 93-CR-00671(MKB), that case is closed. Accordingly, the Court has liberally construed Plaintiff's submission as a new civil action.[1]

        The Court finds that venue is improper, and dismissal is therefore appropriate. Venue is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3).

---

[1] Though Plaintiff's "motion" cites to Fed. R. Civ. P. 60(b)(6), because Plaintiff does not seek relief from any judgment or order but greater access to the law library, the Court does not construe his submission as a Rule 60(b) motion. Plaintiff also included a notice of appeal in the same submission, which was docketed in 93-CR-00671.

1

Plaintiff's complaint relates solely to conditions and treatment while under state custody at South Woods State Prison, which is located in Bridgetown, New Jersey, in the District of New Jersey. *See Williams v. Swack*, No. 12–cv–1552(CBA), 2013 WL 5423791, at *3 (E.D.N.Y. Sept. 26, 2013). Because the events giving rise to Plaintiff's claim occurred in the District of New Jersey, venue in the Eastern District of New York is not proper. *See Griffin v. Dole*, No. 12–cv–4359(JS), 2014 WL 2945676, at *7–*8 (E.D.N.Y. June 30, 2014) (dismissing, based on improper venue, one of plaintiff's numerous "complaints," which alleged, *inter alia*, that he was denied access to the law library while incarcerated at a facility in the Northern District of New York).[2]

In addition, on September 1, 2021, the Clerk of Court notified Plaintiff that in order to proceed with this new civil action, he must file an *in forma pauperis* ("IFP") application to waive the filing fee and a Prisoner Authorization form within 14 days of receipt of the notice. (Notice of Deficient Filing, ECF No. 2.) On October 8, 2021, the Clerk's notice of deficient filing was returned as "Undeliverable," (ECF No. 4), and a second notice of deficient filing was mailed to Plaintiff on October 12, 2021. (ECF No. 5.) On November 9, 2021, the second notice was also returned as "Undeliverable," (ECF No. 7), and on November 10, 2021, a third notice of deficient filing was mailed to Plaintiff. (ECF No. 6.) A search of Plaintiff's name on the State of New Jersey Department of Corrections website showed that Plaintiff remains incarcerated at the South Woods State Prison. *See* https://www20.state.nj.us/DOC_Inmate/inmatesearch.

The IFP statute requires all prisoners, even those granted IFP status, to pay the entire filing fee. 28 U.S.C. § 1915(b). Instead of paying the filing fee upfront, an incarcerated

---

[2] And though Plaintiff argues that this Court is "judicial estoppe[d]" from not granting him the relief sought based on the court's order in 02-CR-97(CPS) directing the Federal Bureau of Prisons to give him greater access to the law library, (ECF No. 1, at 3), judicial estoppel is a rule that "prevents a *party* from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Clark v. All Acquisition, LLC*, 484 F. App'x. 616, 619 (2d Cir. 2012) (emphasis added). Furthermore, an order from Plaintiff's prior federal case does not apply to his state criminal action.

IFP litigant may pay an "initial partial filing fee" and pay the remainder in monthly installments. *See id*. The Prison Authorization form permits the facility where the IFP litigant is incarcerated to deduct the filing fee from his prison trust account. Without a signed Prisoner Authorization form, Plaintiff cannot proceed with the instant action. *See Holloway v. City of New York*, No. 20-cv-4929(RPK), 2020 WL 7698939, at *1 (E.D.N.Y. Dec. 28, 2020). *See also Brown v. Faucher*, No. 19-3898, 2020 WL 833854, at *1 (2d Cir. 2020) (ordering that plaintiff's appeal be dismissed if plaintiff, who is in custody of the Connecticut Department of Correction, fails to file a Prisoner Authorization form).

To date, Plaintiff has not filed a completed IFP application and Prisoner Authorization form, and there has been no response to the Clerk's third notice of deficient filing dated November 10, 2021. And in light of Plaintiff's failure to file a completed IFP application and Prisoner Authorization form, the Court finds that transferring the instant case to the District of New Jersey would not be appropriate. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See also Griffin*, 2014 WL 2945676, at *9 ("The Court has discretion in determining whether to dismiss or transfer.").

Accordingly, the Court dismisses the action without prejudice. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

                                                        /s/
                                         Kiyo A. Matsumoto
                                         United States District Judge

Dated: Brooklyn, New York
       June 8, 2022